UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TORRY LITTLE,<br>Petitioner. | Criminal Action No. 3:13-CR-23<br>Civil Action No. 3:14-CV-312 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner Torry Little's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 34). For the reasons set forth below, the Court DENIES the § 2255 Motion.

I.  **BACKGROUND**

   a.  *Factual Background*

According to the Statement of Facts (ECF No. 19), on or about April 23, 2012, Defendant, Torry Little ("Little"), did knowingly, unlawfully, and intentionally possess with the intent to distribute: (1) five-hundred grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, and (2) five grams or more of actual methamphetamine, its salts, isomers, and salts of its isomers.

On January 9 and 20, 2012, the Central Virginia Regional Task Force utilized a Confidential Source ("CS") to make a controlled purchase of cocaine hydrochloride from Little in Dinwiddie County, Virginia. On April 23, 2012, law enforcement officers executed a state search warrant for Little's residence located at 4608 Woodstream Drive, Petersburg, Virginia. Inside Little's bedroom, law enforcement recovered $163.00 on the left side of the dresser; a large plastic bag with a white powdery substance located in the second drawer of the dresser; a plastic bag containing white powder located inside of a clothes bin near the foot of the bed; a plastic

baggie containing an off-white crystal substance and a plastic baggie containing an off-white powdery substance located in the head of a stuffed animal on top of the television; an OMC .380 caliber pistol, loaded with five rounds of ammunition located between the mattress and the box spring; a blue shoebox containing plastic bags and cutting agents located under the bed; and $13,055 located in a clothes cabinet.

The total amount of controlled substances recovered was: 1,231 grams of cocaine hydrochloride, 31.2 grams of actual methamphetamine, and 7 grams of methamphetamine. Moreover, the $13,218 in proceeds converts to 300 grams of cocaine hydrochloride at current market price.

### b. *Procedural Background*

On February 5, 2013, a federal grand jury in the Eastern District of Virginia returned a two-count indictment against Little charging him with (1) possession with the intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (count one); and (2) possession with the intent to distribute 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (count two). (ECF No. 1.) Counts one and two both carried a mandatory minimum sentence of five years and a maximum of forty years in prison. 21 U.S.C. § 841(b)(1)(B).

On May 9, 2013, Little entered into a plea agreement with the United States wherein he would plead guilty to counts one and two of the indictment. (ECF No. 18.) Little subsequently pleaded guilty before this Court, pursuant to a written plea agreement and accompanying statement of facts. (ECF Nos. 18, 19.) On August 7, 2013, this Court sentenced Little to 132 months' imprisonment on counts one and two, to run concurrently, four years' supervised release, and a $200 special assessment. (ECF No. 33.) Little did not appeal this sentence.

On April 29, 2014, Little filed the instant § 2255 Motion. In his § 2255 Motion, Little alleges two grounds for relief:

Ground One: Ineffective assistance of counsel for failure to object to the

             § 924(c) enhancement[1] pursuant to the Supreme Court's ruling in *Alleyne*

  Ground Two: The district court used judicial fact finding to impose a mandatory minimum sentence in violation of *Alleyne*

The United States filed a response in opposition on May 7, 2014 (ECF No. 37) and provided Little with *Roseboro* Notice (ECF No. 38). Little did not file a reply. The issue is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court generously interprets Little's factual allegations and legal contentions.

## III. DISCUSSION

  ***1.*** Ground One: Ineffective assistance of counsel for failure to object to the § 924(c) enhancement pursuant to the Supreme Court's ruling in *Alleyne*

In his first ground for relief, Little argues that counsel was ineffective for failing to object at sentencing to the § 924(c) enhancement in light of the Supreme Court's ruling in *Alleyne*. But

---

[1] The Court reasonably infers that Little's reference to a "§ 924(c) enhancement" refers to a firearm enhancement pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1.

the Government contends that Little's "attorney was correct–he could not object to a two point gun enhancement and *Alleyne* was not relevant to his case." (Gov'ts Resp. at 5.)

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). The second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of guilty pleas, the two-pronged *Strickland* standard similarly applies. However, for the "prejudice" requirement the Court must "focus[] on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

As to Little's claim that counsel was ineffective for failing to object to the firearm enhancement pursuant to U.S.S.G. § 2D1.1(b), Little's claim is meritless. Little stipulated to this

4

enhancement as part of his plea agreement. (ECF No. 18 at ¶ 2) ("The United States and the defendant agree that pursuant to Section 2D1.1(b)(1), a two level gun enhancement applies to this case, adding an additional two points to his Base Offense Level."). As the Government succinctly argues, "It would border on absurd to claim that Little's attorney fell below an objective standard of reasonableness for failing to object to a sentencing enhancement that his client agreed to in a written plea agreement." (Gov'ts Resp. at 5.) Because "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one," *see Strickland*, 466 U.S. at 697, the Court denies Little's first ground for relief.

Additionally, to the extent Little argues an ineffective assistance of counsel claim based on the ruling in *Alleyne v. United States*, 133 S.C.t 2151 (2013), his claim must also fail. In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. In the Plea Agreement, Little pleaded guilty to possession with the intent to distribute over 500 grams of cocaine hydrochloride (count one) and over 5 grams of actual methamphetamine (count two). (ECF No. 18 at ¶ 1.) The Plea Agreement specifically noted that "[t]he individual penalty for each of these offenses is a mandatory minimum term of 5 years of imprisonment." (*Id.*) Thus, by pleading guilty, Little admitted to the facts underlying the mandatory minimum sentence of five years. As the Sixth Circuit noted, "[T]he holding of *Alleyne* is irrelevant to this case because [Little] entered a guilty plea and specifically admitted . . . the fact[s] used to support his mandatory minimum sentence." *United States v. Wimberly*, 529 F. App'x 525, 526 (6th Cir. 2013). Further, as the Fourth Circuit held in *United States v. Hailey*, 563 F. App'x 229, 231 (4th Cir. 2014), *Alleyne* does not "preclude the district court from making factual findings as relevant to sentencing enhancements." For those reasons, Little's first ground for relief is DENIED.

//

> ***2.*** Ground Two: The district court used judicial fact finding to impose a mandatory minimum sentence in violation of *Alleyne*

In his second ground for relief, Little argues that pursuant to the holding in *Alleyne* his due process rights were violated because the firearm enhancement is an element of the crime that was not submitted to the jury. Little specifically argues "that due to the logical outflow of *Alleyne*, it applies to US 18 924(c) [sic]—a firearm enhancement—and should have been charged in the indictment and proved to a jury beyond a reasonable doubt." (Mem. in Supp. of § 2255 Mot. at 3.) In response, the Government argues that Little procedurally defaulted this claim.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' [citations omitted], or that he is 'actually innocent,' [citations omitted]." *Bousley v. United States*, 523 U.S. 614, 622 (1998). This "procedural-default rule . . . is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003).[2]

Because Little did not appeal this Court's judgment, his claims are procedurally defaulted unless he can prove cause and actual prejudice or that he is actually innocent. *Bousley*, 523 U.S. at 622. As described in detail above, Little fails to prove any of these required elements. *See* Section III(1). Therefore, the Court DENIES Little's second ground for relief.

## IV. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c),

---

[2] The procedural default rule does not apply to Little's claim of ineffective assistance of counsel in his first ground for relief, regardless of whether Little could have raised these claims on direct appeal. *Massaro*, 538 U.S. at 504.

a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Little is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the § 2255 Motion and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __26th__ day of May 2015.